UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| MONICA MARIA LA O, LLC<br><br>    Plaintiff,<br><br>v.<br><br>AZARES 2, LLC, AND BRUNO RASCHIO<br><br>    Defendant. | CIVIL ACTION NO. 6:25-cv-00406 |

**PLAINTIFF'S FIRST AMENDED PETITION**

Monica La O (La O) files this petition to resolve an executory contract for deed property dispute with Bruno Raschio (Raschio) and Azares 2, LLC (Azares):

### 1. SUMMARY OF RELIEF REQUESTED

1.1 La O seeks cancellation and recission of an executory contract for deed under the Texas Deceptive Trade Practices Act with refund of all purchase money paid to Raschio and Azares, reimbursement for improvements made, and statutory damages for failure to provide an annual accounting statement. Alternatively, she sues to compel a statutory conversion of contract for deed into a sale and liquidated damages for failure to convert. Further and alternatively, La O seeks a partial purchase money resulting trust in the Property and disgorgement of money had and received that is unjustly in the hands of Raschio and Azares. La O alternatively and in addition seeks damages for statutory fraud in a real estate transaction, common law fraud, and negligent misrepresentation.

## 2. FACTUAL BACKGROUND

2.1     Raschio and La O, both then Florida residents jointly purchased a 32.13-acre tract of real property located in Van Zandt County, Texas in May of 2022 known as 3044 E. US Hwy 80, Grand Saline, TX 75140 (the Property). Title to the Property was taken solely in Raschio's name.[1]

2.2     La O contributed $266,000 toward the $750,000 purchase price for the Property at the time of sale including a deposit of $247,325 on May 2022.[2]

2.3     Prior to the purchase, in April 2022, La O and Raschio agreed to enter into a lease-purchase executory contract for deed to finance La O's purchase the remaining interest in the property. La O was to make payments of $4,939 per month. This arrangement was memorialized by a Residential Lease Agreement and Real Estate Purchase Option Agreement to Azares, a Florida entity controlled by Raschio which lacks a domestic existence in Texas.[3]

2.4     Notwithstanding La O's purchase money contribution toward the sale and without her knowledge, Raschio soon thereafter took a separate lien the property as his secondary residence with a separate Deed of Trust for $600,000 dated July 15, 2022. Neither La O's equitable interest, nor executory contract, was mentioned in the lien.[4] Upon information and belief Raschio has never been to the Property, nor resided there.

2.5     After approximately 20 successive months of contract payments, in January 2025,

---

[1] See Exhibit 1, 2022 Raschio Deed
[2] See Exhibit 2, 2022 Wire Transfer
[3] See Exhibit 3, 2022 Lease with Option Agreement
[4] See Exhibit 4, 2022 Raschio Deed of Trust

La O arranged her own financing for the remaining balance on Property. La O approached Raschio to exercise the purchase option and pay off the contract for deed. Agreeing to the exercise of the option, around April 2025, both Raschio and La O entered into a Texas earnest money contract, however despite La O's efforts, that contract never closed as her lender could not reconcile many discrepancies in the amounts Raschio claimed he was owed to close.[5]

2.6   No annual accounting has ever been provided to La O under her executory contract so she could not definitively determine what is owed to complete the purchase of the remaining interest.

2.7   La O sues under the Texas Deceptive Trade Practices Act tie-in statute in the Texas Property Code for contract for deed fraud.[6]

2.8  Alternatively, La O seeks to compel the sale of the Property to her under her statutory right to convert the contract for deed, and for damages under the existing contract.[7]

2.9   Alternatively, and additionally La O seeks a resulting trust in the property for the down-payment she made on the Property prior to the execution of the contract for deed and for money had and received by Raschio and/or Azares who would be unjustly enriched by improvements and payments made since the start of the contract.

### 3. CAUSES OF ACTION

a. Count 1: Violations of the Texas DTPA

3.1   "[A]n option to purchase real property that includes or is combined or executed

---

[5] Exhibit 5, 2025 TREC Contract.
[6] TEX. PROP. CODE § 5.069.
[7] TEX. PROP. CODE § 5.081.

concurrently with a residential lease agreement, together with the lease, is considered an executory contract for conveyance of real property."[8] Texas law governs the contract. [9]

3.2     La O is a consumer in this action, as a purchaser of the Property from Raschio and Azares, under the Deceptive Trade Practices-Consumer Protection Act, §§ 17.41, et seq. of the Texas Business & Commerce Code (the "DTPA").

3.3     Raschio and Azares engaged in an "unconscionable action or course of action" by taking advantage of the lack of knowledge, ability, experience, or capacity of La O to a grossly unfair degree.[10]

3.4     Raschio led La O to believe she was purchasing the property by installment contract. By failing to make the statutory disclosures required by the Texas Property Code, Raschio and Azares committed conduct prohibited by Section 17.46(b) of the DTPA, namely failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

3.5     Raschio and Azares' wrongful conduct was a producing cause of La O's damages that are in excess of the minimum jurisdictional limits of this Court.

3.6     La O would further show that the acts, practices, and/or omissions complained of

---

[8] TEX. PROP. CODE § 5.062.
[9] *Cook v. Frazier*, 765 S.W.2d 546, 550 (Tex. App.—Fort Worth 1989, no writ) "The laws of Texas alone govern the construction and determine the effect and validity of contracts transferring or disposing of [Texas] real estate whether by deed or otherwise." (quoting *Saltmount Oil Corp. v. Imperial Crown Royalty Corp.*, 98 S.W.2d 418, 423 (Tex.Civ.App.—Eastland 1936, writ dism'd).

[10] See TEX. BUS. & COM. CODE §§ 17.45(5), 17.50(a)(3).

under §17.46(b) were relied upon by her to her detriment. Additionally, Raschio and Azares acted knowingly and intentionally, which entitles La O to recover treble damages under §17.50(b)(1). La O engaged in the services of the undersigned attorney for representation in this suit and Plaintiff is entitled to recover reasonable and necessary attorneys' fees for prosecuting this suit under § 17.50(d) of the Texas Business & Commerce Code.

### b. Count 2: Prevention of Statutory Conversion of Contract

3.7    Alternatively, La O seeks to enforce her rights under the executory contract. The Texas Property Code mandates the contract for deed purchaser may "*at any time* and without paying *penalties or charges of any kind*" convert her interest into legal title" and take a deed of trust.[11]  Texas law controls the purchase process of Texas land.

3.8    La O was ready, willing, and able to tender the remaining balance agreed to in the contract for deed in early 2025. An earnest money contract was signed between the parties but never consummated due to payoff discrepancies. Raschio and/or Azares tacked on penalties and other charges then refused to comply with the statutory requirements to grant La O legal title.

3.9    Raschio and Azares are liable to La O for failure to comply and she is entitled to liquidated damages available under the statute.[12]

### c. Count 3:  Failure to provide Annual Accounting Statement

3.10   The Texas Property Code requires the seller in a contract for deed to provide the purchaser with an annual statement in January of each year for the term of the executory contract.[13]

3.11   Despite entering into the contract for deed in April of 2022, La O has yet to receive

---

[11] TEX. PROP. CODE § 5.081.
[12] TEX. PROP. CODE §§ 5.079, 5.081.
[13] TEX. PROP. CODE §§ 5.077.

an annual accounting statement.

3.12   La O seeks liquidated damages for the appropriate amount under the statute and reasonable and necessary attorney's fees for recovery of such damages.[14]

### d. Count 4: Resulting Trust

3.13   La O paid a part of the purchase money at the original purchase of the property. "A resulting trust is an equitable remedy arising by operation of law when title is conveyed to one person but the purchase price or a portion thereof is paid by another."[15] "The parties are presumed to have intended that the grantee hold title to the use of him who paid the purchase price and whom equity deems to be the true owner."[16] "The trustee of a resulting trust generally is responsible [] for conveying the property to the beneficiary." [17]

3.14   La O seeks to have a deed for her undivided interest in the Property conveyed by Raschio.

### e. Count 5. Money Had and Received

3.15   "An action for money had and received arises when the defendant obtains money which in equity and good conscience belongs to the plaintiff."[18] "[It] is not premised on wrongdoing, but looks only to the justice of the case and inquires whether the defendant has received money which rightfully belongs to another."[19] "Recovery does not depend on the parties' agreement or intent but rather the law's presumption of a promise of compensation if one receiving

---

[14] *Id*.
[15] *Cohrs v. Scott*, 161 Tex. 111, 338 S.W.2d 127, 130 (Tex.1960).
[16] *Troxel v. Bishop*, 201 S.W.3d 290, 298 (Tex. App.—Dallas 2006, no pet.).
[17] *Id*. (citing *Nolana Dev. Ass'n v. Corsi*, 682 S.W.2d 246, 250 (Tex.1984).
[18] *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164 (Tex. App.—El Paso 1997, no writ)
[19] *Id*.

another's money would thereby be unjustly enriched."[20] Here La O has made significant improvements and paid property taxes on the Property which if retained would unjustly enrich Raschio and Azares. La O seeks disgorgement of all money wrongly in Raschio and Azares' hands.

### f. Count 6. Statutory Fraud: Fraud in a Real Estate Transaction (Tex. Bus. & Com. Code § 27.01)

3.16    Raschio and Azares made material, false representations to La O in a transaction involving real estate as set forth in TEX. BUS. & COM. CODE § 27.01. Such false representations were made affirmatively by Raschio and Azares. Raschio and Azares made false representations of a past or existing material fact when the false representations were made to La O for the purpose of inducing La O to enter into the Lease Purchase Contract and they were relied on by La O in entering that contract. In the alternative, Raschio and Azares made false promises to do an act, when such false promises were material, made with the intention of not fulfilling them, made to a person for the purpose of inducing that person to enter into a contract and relied on by that person in entering into that contract. Specifically, Raschio and Azares made misrepresentations regarding the owner financing and sale of the Property, which were false. Raschio and Azares are liable for actual damages incurred by La O. La O is further entitled to reasonable and necessary attorneys' fees, expert fees, costs for copies of depositions and costs of court under this statutory remedy. See TEX. BUS. & COM. CODE § 27.01(e).

3.17    This Count also constitutes a violation of a "tie-in" statute of the DTPA (defined above) and as such, La O is entitled to all rights and remedies set forth in the Deceptive Trade Practices-Consumer Protection Act, TEX. BUS. & COM. CODE §§ 17.41, et seq.

---

[20] *BV Energy Partners, LP v. Cheatham*, No. 05-14-00373-CV, 2015 WL 2205682, at *6 (Tex. App.—Dallas May 12, 2015, no pet.) (quotations omitted)

### g. Count No. 3: Fraudulent Inducement, Common Law Fraud, Fraud By Non-Disclosure And Fraud By Omission

3.18 In connection with inducing La O to enter into the Lease Purchase financing arrangement, Raschio and Azares. employed a scheme and common course of conduct to defraud La O. The misrepresentations and concealment of facts set forth herein were material.

3.19 Raschio and Azares knew the misrepresentations and concealment of facts set forth herein were false. Alternatively, Raschio and Azares acted with reckless disregard for whether the representations set forth in the financing arrangement were true. Raschio and Azares misrepresented and concealed facts as set forth herein with the intent to induce La O to enter into the Lease Purchase arrangement and, upon information and belief, Raschio never intended to allow La O to complete the purchase of the Property. Azares misrepresented and concealed facts as set forth herein with the intent of gaining their own financial advantage to the disadvantage of La O, including that they were authorized to do business in Texas. La O justifiably and reasonably relied upon the misrepresentations and concealment of facts set forth herein.

3.20 La O suffered and continues to suffer economic and non-economic losses because of the wrongful conduct of Raschio and Azares. The amount of such losses will be determined according to proof at trial within the jurisdictional limits of this Court.

### h. Count No. 5: Negligent Misrepresentation

3.21. La O incorporates and re-alleges each of the preceding paragraphs as though they are set forth fully herein. Raschio and Azares made a representation to La O in the course of a transaction in which Raschio and Azares had a pecuniary interest, i.e., the owner financing transaction for the Property from Raschio to La O.

3.22    During the purchase of the Property, Raschio and/or Azares provided an amortization table to La O which did not correctly apply her payments to date, nor reflect a correct calculation of her equity in the property.

3.23    Raschio led La O to believe that the Property was and would remain free and clear of additional liens. Nevertheless, Raschio took out a mortgage on the Property soon after La O began her payments. To the extent Raschio and Azares contend they made a mistake by not disclosing correct information regarding the amortization of the Property or the lien, that mistake was the result of Raschio and Azares's failure to use reasonable care.

3.24    La O justifiably relied on representations of Raschio and Azares. These negligent misrepresentations proximately caused La O's injuries, and La O has incurred actual damages in connection with the same.

## 4.    PARTIES AND JURISDICTION

4.1    Monica La O is an individual residing at the Property in Van Zandt County, Texas.

4.2    Bruno Raschio is an individual resident of Florida and is presently before the Court.

4.3    Azares 2, LLC is a Florida entity and is presently before this Court.

4.4    This Court has jurisdiction because the subject property is in Van Zandt County, Texas within the Tyler Division of the Eastern District, and the events giving rise to the action took place in Van Zandt County, and the amount in controversy is within the Court's jurisdictional limits. Diversity of citizenship exists between the Plaintiff and Defendants. 28 U.S.C. §§ 1332, 1441,1446.

## 5. DISCOVERY CONTROL PLAN, DAMAGES SOUGHT

5.1   La O seeks monetary relief within the jurisdictional limits of this court.

5.2   La O intends to conduct discovery per the Federal Rules and orders of this Court.

## 6. CONDITIONS PRECEDENT

6.1   All conditions precedent to La O's claims for relief have been performed or have occurred.

## 7. PRAYER

La O requests judgment against Raschio and Azares for the following:

(1) Cancellation and recission of the contract for deed and refund of all monies paid toward purchase of the Property.

(2) Exemplary damages allowed under the Texas Deceptive Trade Practices Act.

(3) Alternatively, conversion of contract for deed to legal title.

(4) Damages for failure to provide annual accounting statements under Texas law.

(5) Imposition of a resulting trust for equitable interest in the Property.

(6) Disgorgement of all money had and received unjustly by all Defendants.

(7) Attorney fees;

(8) Costs of this action taxed to the Defendants; and

(9)  Any other and further relief, both at law and in equity, to which she may show herself justly entitled.

Respectfully Submitted,

Ramey & Flock, P.C.

By: _James A. Evans III_
James A. Evans III
Bar No. 24053191
jevans@rameyflock.com
Steve Spitzer
Bar No. 18954850
sspitzer@rameyflock.com
100 East Ferguson, Suite 500
Tyler, Texas 75702
(903) 597-3301

Attorneys for Plaintiff Monica La O

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via CM/ECF on November 13, 2025.

*/s/ James A. Evans III*
James A. Evans III